

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> ANTONIO AMBROSIO-RUBIRA, <br><br> Defendant-Appellant. | No.   15-50308 <br><br> D.C. No. <br> 3:14-cr-01934-MMA-1 <br><br><br> MEMORANDUM[*] |
| UNITED STATES OF AMERICA, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> ANTONIO AMBROSIO-RUBIRA, <br><br> Defendant-Appellant. | No.   15-50310 <br><br> D.C. No. <br> 3:14-cr-07061-MMA-1 |

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Argued and Submitted August 4, 2016
Pasadena, California

_____

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: REINHARDT, KOZINSKI, and WARDLAW, Circuit Judges.

Antonio Ambrosio-Rubira appeals the sentence imposed after he pled guilty to one count of illegal reentry in violation of 8 U.S.C. § 1326. The district court determined that Ambrosio-Rubira's prior conviction for assault with a deadly weapon in violation of California Penal Code § 245 qualified as a "crime of violence" within the meaning of United States Sentencing Guideline § 2L1.2 and therefore applied a 12-level upward adjustment. After calculating the Guidelines range as 30 to 37 months, the district court sentenced Ambrosio-Rubira to 30 months. Because the illegal reentry also violated the terms of Ambrosio-Rubira's supervised release, imposed following a 2010 conviction, the district court sentenced him to an additional eight months, with six months running concurrent to the § 1326 sentence. We have jurisdiction under 8 U.S.C. §1291, and we affirm.

1. The Supreme Court's decisions in *Descamps v. United States*, 133 S. Ct. 2276 (2013) and *Mathis v. United States*, 136 S. Ct. 2243 (2016) are not "clearly irreconcilable" with our decision in *United States v. Grajeda*, 581 F.3d 1186 (9th Cir. 2009). *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003). In *Grajeda*, we applied the elements-based categorical approach the Supreme Court established in *Taylor v. United States*, 495 U.S. 575 (1990), and concluded that California Penal Code § 245 is "categorically a crime of violence." *Grajeda*, 581 F.3d at 1197.

Neither *Descamps* nor *Mathis* altered *Taylor*'s holding setting forth the pure categorical approach; rather, those decisions clarified when the modified categorical approach applies. *See Mathis*, 136 S. Ct. at 2251–54; *Descamps*, 133 S. Ct. at 2283–86. Because *Grajeda*—like this case—involves only the pure categorical approach, it remains good law. *See Grajeda*, 581 F.3d at 1189.

2. The district court adequately explained the basis for the sentence imposed for Ambrosio-Rubira's supervised release violation. At sentencing, the district court reviewed the § 3553(a) factors, listened to defense counsel's argument, concisely explained its reasoning, and imposed a sentence at the low end of the Guidelines range with all but two months running concurrent to the § 1326 sentence. Nothing more was required. *See United States v. Laurienti*, 731 F.3d 967, 975 (9th Cir. 2013); *United States v. Vasquez-Cruz*, 692 F.3d 1001, 1008 (9th Cir. 2012); *United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010).

**AFFIRMED.**